ROBERT E. PALMER, SBN 116892
   RPalmer@gibsondunn.com
KELLY A. ROOSEVELT, SBN 222969
   KARoosevelt@gibsondunn.com
ERICH D. SCHIEFELBINE, SBN 229145
   ESchiefelbine@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, California 92612
Telephone: (949) 451-3800
Facsimile: (949) 451-4220

Attorneys for Defendants THE FIRST AMERICAN CORPORATION, FIRST AMERICAN REAL ESTATE SOLUTIONS L.P., and FIRST AMERICAN REAL ESTATE SOLUTIONS, LLC

FILED
CLERK, U.S. DISTRICT COURT
DEC 27 2007
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

LODGED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| VEROS SOFTWARE, INC., a California Corporation, both in its individual capacity and derivatively on behalf of Real Party-In-Interest VEROS REAL ESTATE SOLUTIONS, LLC, a Delaware Limited Liability Company,<br><br>   Plaintiff,<br><br>   v.<br><br>FIRST AMERICAN CORPORATION, a California Corporation, FIRST AMERICAN REAL ESTATE SOLUTIONS, L.P., a Delaware Limited Partnership; FIRST AMERICAN REAL ESTATE SOLUTIONS, LLC, a California Limited Liability Company, and VEROS REAL ESTATE SOLUTIONS, LLC, a Delaware Limited Liability Company (Nominal Defendant),<br><br>   Defendants. | CASE NO. SACV 06-01130 JVS (ANx)<br><br>**STIPULATION AND [~~PROPOSED~~] ORDER FOR PROTECTIVE ORDER RE: CONFIDENTIAL AND TRADE SECRET INFORMATION** as modified by the Court (see pages 9, 10, 12) |

///

///

///

Gibson, Dunn & Crutcher LLP

Defendants First American Corporation, First American Real Estate Solutions L.P., and First American Real Estate Solutions, LLC (collectively "Defendants"), and Plaintiffs Veros Software, Inc. and Veros Real Estate Solutions, LLC (collectively "Plaintiffs") by and through their undersigned counsel, request that the Court enter this agreed Protective Order (the "Protective Order") to govern the anticipated production and exchange of materials containing confidential information and/or trade secrets in the above-captioned matter.

## I.

## PREAMBLE

In the course of this action, the parties will be propounding discovery that may contain information that is regarded by at least one party hereto as sensitive, proprietary, trade secret or otherwise confidential (the "Confidential Information").

A party's assent to this Protective Order, through its counsel's signature, shall not be deemed an admission that any other party's documents truly are sensitive, proprietary, trade secret or otherwise confidential, but merely that such other party regards those documents as such.

The parties hereto agree that Confidential Information obtained through the pretrial phase of this action should be protected from unwarranted use or disclosure.

This Protective Order shall govern the handling of material designated confidential prior to trial, whether during discovery, settlement negotiations or otherwise.

## II.

## GOOD CAUSE EXISTS FOR A PROTECTIVE ORDER

Consistent with Federal Rule of Civil Procedure 26(c), good cause exists in this matter for a protective order. Federal Rule of Civil Procedure 26(c) provides that "for good cause shown," a court "may make any order which justice requires to protect a party . . . from embarrassment, [and] oppression, . . . including . . . (2) that the disclosure or discovery be had only on specified terms and conditions and . . . (7) that a trade secret or other confidential research, development, or commercial information . . . be revealed only in a designated way." Fed. R. Civ. P. 26(c). *See also Phillips ex rel Estates of Byrd v. General Motor Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002) and *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (stating that public access to litigation

documents and information produced during discovery are limited where the party opposing disclosure shows "good cause" that a protective order is necessary).

Here, the allegations in this matter involve investigation into business plans and strategies, and highly sensitive, competitive business information, including trade secrets and proprietary information. This litigation involves a dispute over Defendants' attempted monopolization of the national reseller market for Automated Valuation Models ("AVMs") and their alleged intent to restrict the output of Plaintiffs' AVMs. Therefore, the documents at issue contain confidential commercial information relating to the quality of the parties' AVM products, the pricing of AVM products, the parties' customer lists, and the highly proprietary technological designs underlying each parties' AVM products, which if disclosed, would detrimentally impact Defendants' business operations and relationships. Particular and specific categories of documents that the parties will most likely be exchanging include:

    a.    Defendants' due diligence underlying its transaction with Corelogic, including banker and accountant valuation models and appraisals; revenue and expense projections; marketing and sales analyses and figures; investment and shareholder agreements; and equity ownership calculations and agreements;

    b.    Defendants' intentions and understanding of the acquisition of Corelogic and its impact on the sales of AVMs to resellers and end users;

    c.    Defendants' due diligence underlying its transaction with Basis 100, Inc., including banker and accountant valuation models and appraisals; revenue and expense projections; marketing and sales analyses and figures; investment and shareholder agreements; and equity ownership calculations and agreements;

    d.    Defendants' intentions and understanding of the acquisition of Basis 100, Inc. and its impact on the sales of AVMs to resellers and end users;

    e.    The terms and obligations of the parties' licensing agreements, non-disclosure agreements, and confidentiality agreements with end users, resellers, and affiliates;

    f.    The parties' competitive strategy and decision making processes in valuing and marketing AVMs within the AVM platform to resellers and end users;

g.   The parties' intentions and strategic planning including particular AVMs within its cascade programs and AVM operating systems;

h.   The parties' marketing and sales strategies for licensing AVM products to end users and resellers;

i.   The parties' revenue and expense projections with respect to competitive sales of AVMs to end users and resellers;

j.   The parties' test results regarding AVM accuracy and quality both for their own AVM products and as compared with those of their competitors;

k.   The parties' analyses, thoughts and impressions based on AVM test results and analytics;

l.   Defendants' negotiations with potential resellers and end users regarding pricing, royalties and/or fees, and usage requirements;

m.   The parties' end user and reseller customer lists, including pricing for each end user and reseller;

n.   The parties' royalties generated based on the end user's AVM usage;

o.   AVM hit rates and usage volumes for AVM end users and resellers;

p.   Defendants' corporate strategic plans regarding the AVM industry and its role and market share within the industry, as positioned with other competitors;

q.   The parties' analyses, thoughts, and impressions regarding communications and feedback from customers relating to the quality of various AVM developers' products;

r.   The parties' strategic assets and expansion opportunities; and

s.   The parties' analyses, thoughts, and impressions of potential acquisitions, including transaction costs, the purchase price, forms of consideration and price earnings ratios.

t.   Identity of real estate data utilized by Defendants in generating AVMs and the types of data offered for sale to other AVM providers.

## III.

## DESIGNATIONS

Any party may designate as Confidential Information any document or portion thereof -- including documents or materials provided to the parties in discovery by non-parties and documents or materials produced by third parties pursuant to a subpoena -- which contains or discloses any of the following:

    a.    Material non-public inside information, confidential and/or commercially sensitive financial information, personnel files and other sensitive or proprietary information, including, but not limited to, information which has not been made public or disclosed to third parties and which concerns or relates to the process, operations, type of work or apparatus, or to the production, sales, shipments, purchases, transfers, identification or customers, inventions, amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, the disclosure of which information may have the effect of causing harm to the competitive position of the person, firm, partnership, corporation or organization from which the information is obtained; and

    b.    Information that the party is under a duty to preserve as confidential under an agreement with or other obligation to another person.

Any party -- including non-parties that agree by stipulation to be bound by the terms of this Order -- may designate as "Confidential Information -- Attorneys' Eyes Only" any document or portion thereof which contains or discloses any sensitive Confidential Information that any Party to the Litigation or any producing party contends contains trade secrets as defined under California Civil Code § 3426.1(d), or business strategies or other competitively sensitive, proprietary or financial information which, if disclosed to third parties, would or could cause damage to a party's competitive position in the market(s) in which the party operates.

Any party may designate any document or portion thereof as Confidential Information pursuant to this Protective Order by either of the following methods:

    a.    Any party may designate any document thereof as "Confidential" or "Confidential -- Attorneys' Eyes Only" (unless specifically referred to otherwise, both designations are collectively

referred to herein as "Confidential" or "Confidential Information") on the cover of any multi-page document which shall designate all pages of the document as Confidential Information subject to the provisions of this Protective Order; or

  b. By identifying with specificity in writing to the discovering party any material provided within the preceding thirty (30) days but not designated as "Confidential" prior to its having been provided. If a producing party fails to stamp or label certain documents upon their production, it may designate such documents as Confidential Information by giving notice to all parties, not later than thirty (30) days after production of the material that the material is to be so designated by affixing the legend "Confidential." All parties shall then stamp or otherwise affix the "Confidential" legend to the designated material as described above. If a party wants to designate as Confidential Information material which has already been produced prior to the date of this Protective Order, it shall do so by giving notice to all parties within thirty (30) days of the entry of the Protective Order that the material is to be so designated by stamping or otherwise affixing the "Confidential" legend.

  In the case of Confidential Information revealed during a deposition, if counsel for any party designates testimony or any portion thereof, including exhibits, as "Confidential" on the record, or otherwise, before the stenographer transcribing such deposition has disseminated the transcript of the deposition, the stenographer shall affix the legend "Confidential" to the cover page and all appropriate pages of the transcript, and to each copy thereof. After the conclusion of the deposition, any party may designate a deposition transcript, or a portion thereof, including exhibits, as "Confidential" by informing counsel for all parties to this action in writing within thirty (30) days after receipt of the transcript, as to the specific pages deemed confidential, and thereafter such pages shall constitute confidential Information pursuant to this Protective Order. Upon receipt of such notice, any party in possession of copies of such designated transcript shall affix the legend "Confidential" to the cover page and all appropriate pages of the transcript, and to each copy thereof.

Gibson, Dunn & Crutcher LLP

## IV.

## RESTRICTIONS ON USE OF CONFIDENTIAL INFORMATION

Unless otherwise ordered by the Court, or otherwise agreed by the parties hereto, all documents, information and other material designated "Confidential" or "Confidential -- Attorneys' Eyes Only" shall be treated as Confidential Information under this Protective Order.

All documents, material or information produced in this case that are designated "Confidential" or "Confidential -- Attorneys' Eyes Only" may be used only for purposes of this lawsuit, including, without limitation, discovery, motions, briefs, preparation for trial in this action and on appeal, if any, and for no other purpose ("the Permitted Purpose").

Except as set forth herein, documents marked "Confidential," all copies thereof, and any summaries, charts or notes made therefrom and any facts or information contained therein or derived therefrom, shall be disclosed only to the Court (pursuant to the procedures set forth in paragraphs 14 through 18 below) and/or to:

    a.    parties to the action and the employees, officers, agents and directors of such parties who may review the information in connection with this action only to the extent necessary for the Permitted Purpose;

    b.    in-house attorneys of each party (including support staff) who are responsible for or working directly in the prosecution or defense of this case only to the extent necessary for the Permitted Purpose;

    c.    outside attorneys for the parties hereto and their agents, including private investigators, employees, paralegals, or other secretarial and clerical employees or agents only to the extent necessary for the Permitted Purpose;

    d.    experts and consultants retained by one or more of the parties to this action or their counsel to assist in discovery and/or in preparation of this action for trial only to the extent necessary for the Permitted Purpose;

    e.    actual and anticipated deponents and their counsel only to the extent necessary for the Permitted Purpose;

Gibson, Dunn & Crutcher LLP

f.  stenographic reporters who are involved in depositions, the trial or any hearings or proceedings before the Court in this action;

g.  any mediator in any mediation of this action; and

h.  other persons designated as party witnesses to this mater who, prior to viewing Confidential Information, are advised of the terms of this Protective Order and sign a statement giving written assurances that they will abide by its terms.

Documents containing Confidential Information may be disclosed to persons listed in (d) or (e) of this paragraph only after such person has been shown a copy of this Stipulation and Protective Order, and has been advised of the terms and operation of this Protective Order, and agrees to be bound by the terms of this Protective Order by signing a Written Assurance attached hereto as Exhibit A; provided, however, that any party who designated the document "Confidential" may disclose such documents to any persons, with or without any conditions to such disclosure as it deems appropriate.

Except as set forth herein, documents marked "Confidential -- Attorneys' Eyes Only," all copies thereof, and any summaries, charts or notes made therefrom, and any facts or information contained therein or derived therefrom, shall be disclosed only to the Court (pursuant to the procedure set forth in paragraphs 14 through 18 below) and/or to:

a.  outside attorneys for the parties hereto and their agents, including private investigators, employees, paralegals, or other secretarial and clerical employees or agents only to the extent necessary for the Permitted Purpose;

b.  in-house attorneys of each party (including support staff) who are responsible for or working directly in the prosecution or defense of this case only to the extent necessary for the Permitted Purpose;

c.  experts and consultants retained by one or more of the parties to this action or their counsel to assist in discovery and/or in preparation of this action for trial only to the extent necessary for the Permitted Purpose;

d.  actual and anticipated deponents and their counsel only to the extent necessary for the Permitted Purpose;

Gibson, Dunn & Crutcher LLP

e. stenographic reporters who are involved in depositions, the trial or any hearings or proceedings before the Court in this action; and

f. any mediator in any mediation of this action.

Documents containing Confidential-- Attorneys' Eyes Only Information may be disclosed to persons listed in (c) or (d) of this paragraph only after such person has been shown a copy of this Stipulation and Protective Order, and has been advised of the terms and operation of this Protective Order, and agrees to be bound by the terms of this Protective Order by signing a Written Assurance attached hereto as Exhibit A; provided, however, that any party who designated the document "Confidential" may disclose such documents to any persons, with or without any conditions to such disclosure as it deems appropriate. The persons listed in (b) of this paragraph may only view documents designated Confidential -- Attorneys' Eyes Only at the offices of their respective outside counsel, and outside counsel is prohibited from providing copies to the persons listed in (b) of this paragraph. In-house counsel may attend depositions but cannot retain copies of Exhibits designated as Confidential -- Attorneys' Eyes Only.

## V.

## OBJECTIONS TO DESIGNATION OF INFORMATION

In the event that any party objects to the designation of any document, testimony, information or material or portion thereof as "Confidential" and/or "Confidential -- Attorneys Eyes Only," the objecting party may seek modification of the designation in accordance with the following procedure. The party's failure to object shall not constitute an admission of any kind or for any purpose.

a. The objecting party may notify the designating party, in writing, at any time of its contention that the designation as "Confidential" does not concur with the standards set forth in this Protective Order. The parties shall attempt to resolve such disputes informally and in good faith.

b. In the event that such disputes are not resolved informally, the parties shall formulate a joint written stipulation pursuant to the procedures set forth in Local Rule 37, and submit the dispute to the Court for resolution. In the event that any party files a discovery motion challenging a designation of "Confidentiality," an unredacted version of the joint stipulation (and all exhibits) shall be submitted in its entirety to the Court for in camera inspection. To maintain the designation as and a version of the joint stipulation with the redacted alleged confidential contents shall be filed concurrently.

9

1  "Confidential" or "Highly Confidential" and to prevail on a motion to the Court, the Designating

2  Party must show ~~by a preponderance of the evidence that there is good cause for~~ the "Confidential" or

3  "Highly Confidential" designation (is warranted under applicable federal law.) *(AN)* Each party shall be entitled to submit a supplemental

4  memorandum pursuant to Local Rule 37-2.3. Pursuant to this subparagraph, the Court shall make an

5  independent determination as to whether or not any given document is entitled to protection based

6  upon facts then existing.

7        c.     Pending resolution of any motion filed pursuant to this Paragraph, all documents or

8  discovery material designated as "Confidential Information" shall be treated as such until the Court

9  rules otherwise.

## VI.
## PROCEDURE FOR USING CONFIDENTIAL INFORMATION IN COURT DOCUMENTS

In the event that counsel for any party determines to file or submit to this Court any Confidential Information or any papers containing or making reference to such information (the "Filing Party"), no later than five (5) court days prior to the day that the Filing Party intends to file papers with the Court containing Confidential Information, the Filing Party will provide copies of the documents (or a list of bates numbers to identify the documents) to the party or non-party who produced the documents and designated them Confidential (the "Designating Party"), informing such party of the Filing Party's intent to file or submit such documents to the Court, therefore making such documents part of the public record.

The Designating Party then has five (5) court days to apply ex parte, or as permitted by the Local Rules, that the documents be filed under seal. If the Designating Party fails to make such an application, the documents shall not be filed under seal. The failure to make such an application, however, shall not waive the Confidential designation.

Any party has the right to oppose the ex parte application. On the fifth court day after the Confidential Documents are submitted to the Designating Party, the Filing Party may file its briefs and any supporting papers in accordance with the Court's Order on the ex parte application. If the Court has not yet ruled on the ex parte application, the Filing Party may serve its papers upon

opposing counsel and file a Notice of Service of the papers with the Court such that the briefing schedule will be commenced and the Court's decision on the underlying motion will not be delayed because of a collateral dispute regarding whether the documents should be filed under seal.

If the court orders the documents filed under seal, then the Filing Party shall file or submit those documents to the Court only in sealed envelopes on which shall be endorsed the caption of this action and a statement substantially in the following form:

**CONFIDENTIAL**

This envelope contains documents that are subject to an Order governing discovery and the use of confidential discovery material entered by the Court in this action. The envelope shall not be opened or the contents thereof displayed or revealed except by Order of the Court. Violation hereof may be regarded as contempt of Court.

Subject to the Court's convenience and needs, documents filed under seal shall be kept under seal by the Clerk until further Order of the Court. No document shall be filed under seal unless ordered by the Court.

## VII.

## PROCEDURE FOR USING CONFIDENTIAL INFORMATION IN DEPOSITIONS

To the extent that any Confidential Documents are used in a deposition, the Designating Party may request of the Court Reporter that the exhibits and the portions of the testimony related to those Confidential Documents be designated confidential and held under seal.

## VIII.

## SUBPOENAS SEEKING CONFIDENTIAL INFORMATION

If at any time any document or information protected by this Protective Order is subpoenaed by any Court, administrative or legislative body, or is requested by any other person or entity purporting to have authority to require the production of such information, the party to whom the subpoena or other request is directed shall give prompt written notice thereof to the party who designated the document "Confidential." Notice under this provision shall include whether the party to whom the subpoena or other request is directed has any documents responsive to the subpoena or

request and the date on which such production will occur. After receipt of the notice specified under this paragraph, the party who designated the document "Confidential" shall have the sole responsibility for obtaining any order it believes necessary to prevent disclosure of documents designated confidential.

## IX.

## RETURN OF MATERIAL

The termination of proceedings in this action shall not relieve the parties from the obligation of maintaining the confidentiality of all Confidential Information produced and designated pursuant to this protective Order, unless the Court orders or permits otherwise. Upon the final disposition of this action, including the completion or running of time for any available appeals, the attorneys for the parties shall have sixty (60) days to destroy or return to the Designating Party (at the designating Party's option and expense) any documents (and all copies thereof) which have been designated as "Confidential." Alternatively, documents which have been designated as "Confidential" may be deposited into a mutually agreeable document storage facility. No person may gain access to any of the documents in that storage facility without either the joint approval of the attorneys for the parties or a court order. Additionally, the Court may retain jurisdiction to modify and/or enforce the terms of this Protective Order after the disposition of this litigation.

## X.

## SCOPE OF THIS PROTECTIVE ORDER

The parties agree that they will not use any material provided in this action for any purpose other than this action.

Notwithstanding anything to the contrary contained herein, all objections as to the admissibility of evidence of the documents, material or information subject to this protective order are reserved and are not waived by any terms of this Protective Order.

Any attorney for any party may furnish Confidential Information to any attorney for a party without waiving the protected status of such Confidential Information.

Nothing in this Protective Order shall be deemed to limit, prejudice, or waive any right of any party or person: (a) to resist or compel discovery with respect to, or seek to obtain additional or

Gibson, Dunn & Crutcher LLP

different protection for, material claimed to be protected work product or privileged under the applicable law, material as to which the producing party claims a legal obligation not to disclose, or material not required to be provided pursuant to the applicable law; (b) to seek to modify or obtain relief from any aspect of this Protective Order; (c) to object to the use, relevance or admissibility at trial or otherwise of any material, whether or not designated in whole or in part as Confidential Information governed by this Protective Order; or (d) otherwise to require that discovery be conducted according to governing laws and rules.

Designation of material as "Confidential" on the face of such material shall have no effect on the authenticity of admissibility of such material at trial.

This Protective Order shall not preclude any person from waiving the applicability of this Protective Order with respect to any Confidential Information provided by that person, or using any Confidential Information provided by that person, or using any Confidential Information owned by that person in any manner that person deems appropriate.

This Protective Order shall not affect any contractual, statutory or other legal obligation or the rights of any party or person with respect to Confidential Information designated by that party.

The restrictions set out in this Protective Order shall not apply to any material which: (a) at the time it is provided is available to the public; or (b) after it is provided, becomes available to the public through no act, or failure to act, of the discovering party.

If the discovering party contests the designation of confidentiality on any of the grounds set forth in Paragraphs 5 or 6 hereof, the contesting party must comply with the procedures set forth in Paragraphs 13(a) through (c) hereof.

## XI.

## SUBMISSION TO THE COURT

The parties agree to submit this Protective Order to the Court for adoption as an Order of the Court.

Gibson, Dunn & Crutcher LLP

The parties reserve the right to seek, upon good cause, modification of this protective Order by the Court. The Court may modify the terms of this Protective Order upon a showing of good cause or for public policy reasons.

IT IS SO STIPULATED.

Dated: 12/21, 2007

GIBSON, DUNN & CRUTCHER LLP

By: _____
Robert E. Palmer
Attorneys for Defendants
THE FIRST AMERICAN CORPORATION, FIRST AMERICAN REAL ESTATE SOLUTIONS L.P., and FIRST AMERICAN REAL ESTATE SOLUTIONS, LLC

Dated: 12/21, 2007

BLECHER & COLLINS, P.C.

By: _____
Donald R. Pepperman
Attorneys for Plaintiffs
VEROS SOFTWARE, INC. and VEROS REAL ESTATE SOLUTIONS, LLC

**ORDER**

IT IS SO ORDERED as modified by the Court,

Dated: Dec. 27, 2007

_____
THE HONORABLE ARTHUR NAKAZATO,
UNITED STATES MAGISTRATE JUDGE

100351422_1.DOC

Gibson, Dunn & Crutcher LLP

14